### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | | |
|---|---|---|
| CEDRIC WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 07-CV-2039 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

On February 16, 2007, Petitioner, Cedric Washington, filed a pro se Motion to Vacate, Set Aside or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255.  On April 16, 2007, the Government filed its Response to Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (#4).  This court has carefully considered Petitioner's claims, the Government's Response, and the record in this case.  Following this careful and thorough review, Petitioner's Motion to Vacate, Set Aside or Correct Sentence (#1) is DENIED.

## FACTS

On May 22, 2003, in Case No. 03-CR-20045, Petitioner was charged by indictment with the offense of knowingly and intentionally distributing 5 or more grams of a mixture and substance containing cocaine base (crack), a Schedule II controlled substance.  The indictment stated that this offense occurred on April 9, 2003.  On June 17, 2003, the Government filed a Notice of Prior Conviction pursuant to 21 U.S.C. § 851(a)(1).  The Notice stated that Petitioner had a 1994 conviction of delivery of controlled substance in Champaign County and that this conviction "may qualify as a basis for a sentencing enhancement."  On December 3, 2003, Petitioner was charged in a superseding indictment which included the original charge as Count 1 and added Count 2, which charged Petitioner with the offense of knowingly and intentionally distributing a mixture and substance

containing cocaine base (crack), a Schedule II controlled substance.  The indictment stated that the offense charged in Count 2 occurred on April 17, 2003.

A jury was selected on December 4, 2003, and the jury trial commenced on December 16, 2003.  On December 17, 2003, the jury returned a verdict of guilty on both counts charged in the superseding indictment.  A sentencing hearing was held on April 8, 2004.  Petitioner had no objections to the Presentence Report (PSR).  Based on the PSR, this court concluded that Petitioner was a career offender under United States Sentencing Guideline § 4B1.1.  Petitioner had an offense level of 37 and a criminal history category of VI, making his sentencing range under the guidelines 360 years to life.  This court sentenced Petitioner to a term of 420 months for Count 1 and 360 months for Count 2, with the sentences to run concurrently.

Petitioner filed a timely Notice of Appeal.  On appeal, Petitioner argued that: (1) this court improperly used its inquiry power to bolster the credibility of prosecution witnesses; (2) the prosecutor's rebuttal argument at trial was profoundly unprofessional and prejudicial; and (3) the sentence this court imposed was contrary to the Sixth Amendment principles explained in United States v. Booker, 543 U.S. 220 (2005).  The Seventh Circuit rejected Petitioner's first two arguments and confirmed his conviction.  United States v. Washington, 417 F.3d 780 (7th Cir. 2005).  The Seventh Circuit concluded that Petitioner was not prejudiced by this court's questioning of witnesses.  See Washington, 417 F.3d at 783-86.  The Seventh Circuit also concluded that, even accepting that some of the prosecutor's comments in rebuttal were improper, Petitioner's claim "founders in the face of the strong evidence of his guilt."  Washington, 417 F.3d at 787.  The Seventh Circuit stated that the "overwhelming evidence of guilt in this case eliminates any lingering doubt that improper comments by the prosecutor prejudiced [Petitioner]."  Washington, 417 F.3d at 788.

As far as Petitioner's challenge to the sentence imposed, Petitioner argued that this court

2

"erred by making a series of factual findings at sentencing that enhanced his sentence beyond what he admitted or the jury found." Washington, 417 F.3d at 788. The Seventh Circuit found that Petitioner had forfeited this argument "by not bringing it to the district judge's attention at sentencing." Washington, 417 F.3d at 788. However, the Seventh Circuit also found that the argument was without merit. The court noted that Petitioner's argument ignored the Supreme Court's holding in Almendarez-Torres v. United States, 523 U.S. 224 (1998) "that prior convictions need not be proven to a jury beyond a reasonable doubt, a holding that was left undisturbed by Booker." Washington, 417 F.3d at 788. The Seventh Circuit did, however, conclude that Petitioner was entitled to a limited remand pursuant to the procedure explained in United States v. Paladino, 401 F.3d 471 (7th Cir. 2005). Washington, 417 F.3d at 788-89.

On limited remand to this court, this court permitted the parties to state their respective positions as to whether it should adhere to the original sentence in light of the now-advisory nature of the Sentencing Guidelines. In his position statement, Petitioner, through counsel, argued that his 420 month sentence in this case was "over-kill." Petitioner's counsel also stated that Petitioner was determined to be a career offender based upon three Champaign County convictions: (1) Intimidation (Case #97-CF-1023); (2) Intimidation (Case #03-CF-208); and (3) Possession of a Controlled Substance with Intent to Deliver (Case #94-CF-902). Petitioner's counsel argued that, in imposing sentence, this court did not consider the fact that Petitioner was initially sentenced to probation for his two intimidation convictions. Petitioner's counsel argued that it "is unlikely that Congress intended such minimal 'crimes of violence' to support career offender enhancements, especially where [Petitioner] was initially given probation for those convictions." Petitioner's counsel also argued that Petitioner's history of depression, history of substance abuse, past use of psychotropic medications and mental health counseling were mitigating factors which warranted resentencing and the

3

imposition of a lower sentence.

In its position statement, the Government noted that, because this court concluded that Petitioner was a career offender, any other enhancements had no effect on his sentencing range. The Government argued that Petitioner "was convicted of two serious drug offenses after testifying falsely in his own defense." The Government further argued that Petitioner "has a serious criminal history and was designated as a career offender, the very type of person for whom Congress specifically stated should be sentenced 'at or near the maximum term authorized," citing 28 U.S.C. § 994(h). The Government noted that, at Petitioner's original sentencing, this court stated that a sentence 60 months higher than the low end of the Guidelines range was appropriate. The Government argued that, notwithstanding <u>Booker</u>, there was no reason for this court to alter its original sentence.

On October 12, 2005, this court entered an Opinion (#76). This court stated:

> This court has considered the arguments of counsel, the advisory sentencing guidelines, the reasons for the original sentence, and the factors set forth in 18 U.S.C. § 3553(a). Based upon Defendant's criminal history and the nature of the offenses of which he was convicted in this case, this court finds that, had this court known that the guidelines were advisory, it would have imposed the same sentence. This court would, therefore, adhere to its original sentence in this case.

This court therefore advised the Seventh Circuit that it would have imposed the same sentence on Petitioner even if it was aware that the sentencing guidelines were merely advisory. On November 17, 2005, the Seventh Circuit issued an Order and affirmed the sentence imposed by this court.

As noted, on February 16, 2007, Petitioner filed a pro se Motion to Vacate, Set Aside or

4

Correct Sentence (#1) pursuant to 28 U.S.C. § 2255.  Petitioner argued: (1) that he should not have been sentenced under U.S.S.G. § 4B1.1 because his prior convictions were not included in the indictment or proved to the jury beyond a reasonable doubt; (2) that his counsel was ineffective at trial, at sentencing, and on appeal; and (3) the prosecutor failed to serve notice that the Government intended to seek enhanced penalties pursuant to 21 U.S.C. § 851.

On April 16, 2007, the Government filed its Response to Petitioner's Motion Under 28 U.S.C. § 2255 (#4).  The Government argued that Petitioner's claims are entirely without merit.  This court agrees with the Government's arguments.

ANALYSIS

This court first notes that relief under 28 U.S.C. § 2255 is reserved for extraordinary situations.  Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996), citing Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993).  Accordingly, a petitioner may avail himself of relief under § 2255 only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice."  Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1996).  Based upon this standard, and the record in this case, this court agrees with the Government that Petitioner has not included any claims which would warrant an evidentiary hearing or relief under 28 U.S.C. § 2255.

The first issue raised by Petitioner is that he should not have been sentenced as a career offender under U.S.S.G. § 4B1.1 because whether or not the prior offenses were "crimes of violence" is an element of the enhanced crime which must be determined by a jury beyond a reasonable doubt.  This court agrees with the Government that this argument is entirely without merit.  First of all, the Government is correct that the Seventh Circuit addressed this issue on direct

5

appeal.  The Seventh Circuit specifically stated that <u>Almendarez-Torres</u> held that "prior convictions need not be proven to a jury beyond a reasonable doubt, a holding that was left undisturbed by <u>Booker</u>."  <u>Washington</u>, 417 F.3d at 788.   "In the context of § 2255 petitions, the 'law of the case' doctrine dictates that 'once [the Seventh Circuit] has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [court] asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it.'" <u>United States v. Fuller</u>, 398 F.3d 644, 648 (7th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 238 (2005), <u>quoting</u> <u>United States v. Mazak</u>, 789 F.2d 580, 581 (7th Cir. 1986); <u>see also</u> <u>Norris v. United States</u>, 687 F.2d 899, 900 (7th Cir. 1982).  This court finds no reason for reexamining the well-reasoned decision of the Seventh Circuit.

This court additionally notes that there is absolutely no merit to Petitioner's argument that his rights were violated because this court did not submit the question of his qualifying convictions to a jury to be proved beyond a reasonable doubt.  In <u>Almendarez-Torres</u>, the United States Supreme Court "held that the existence of a prior conviction need not be alleged in the indictment or proven to a jury as an element of the offense, but rather may be determined by the judge at sentencing, even if the prior conviction increases the statutory maximum sentence that may be imposed on the defendant." <u>United States v. Stevens</u>, 453 F.3d 963, 967 (7th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 611 (2006), <u>quoting</u> <u>United States v. Williams</u>, 410 F.3d 397, 401 (7th Cir. 2005).  The Seventh Circuit has repeatedly noted that the holding of <u>Almendarez-Torres</u> remains intact following the Supreme Court's decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005).  See <u>Stevens</u>, 453 F.3d at 967; <u>see also</u> <u>United States v. Thornton</u>, 463 F.3d 693, 699-700 (7th Cir. 2006).

The second issue raised by Petitioner is that he was denied the effective assistance of counsel.  To prevail on such a claim, a petitioner must show that his attorney's performance was objectively unreasonable and that such performance prejudiced the petitioner.  See Hill v. Lockhart, 474 U.S. 52, 57 (1985); Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  To establish prejudice, a petitioner must demonstrate a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

This court agrees with the Government that Petitioner has not shown that he was denied the effective assistance of counsel.  In this case, Petitioner's counsel vigorously represented Petitioner at trial, at sentencing, and on appeal.  In fact, in ruling on Petitioner's appeal, the Seventh Circuit specifically noted that "we think that the defense attorney did a fine job with the hand she was dealt." Washington, 417 F.3d at 787.  Petitioner nevertheless contends that his counsel was ineffective because: (1) she stipulated at trial as to the drug amounts and the fact that the drug in question was "crack;" (2) she failed to object to the prosecutor's rebuttal argument; (3) she failed to object, at sentencing, to this court making factual findings; (4) she failed to object to the seating of an all white jury; (5) she failed to introduce any mitigating factors at sentencing; and (6) she failed to object to the Government's failure to give notice under 21 U.S.C. § 851.  None of these arguments have any merit.

As to Petitioner's first claim of ineffective assistance, the Government is correct that Petitioner has presented nothing to indicate there was any basis for challenging the type or quantity of the controlled substance involved in the offenses.  Petitioner argued that his counsel should not have entered into the stipulation because there is a conflict regarding the meaning of "cocaine base"

7

and "crack."  This court does not agree.

The Seventh Circuit has long held that crack is one of several forms of cocaine base and that the enhanced penalties included in the applicable statutes and guidelines apply only to the crack form of cocaine base.  See United States v. Abdul, 122 F.3d 477, 478-79 (7th Cir. 1997); United States v. Reddrick, 90 F.3d 1276, 1282 (7th Cir. 1996); United States v. Booker, 70 F.3d 488, 494 (7th Cir. 1995); see also United States v. Edwards, 397 F.3d 570 (7th Cir. 2005).  The Seventh Circuit has also long held that "those who smoke, buy, or sell this stuff [crack cocaine] are the real experts on what is crack." United States v. Earnest, 185 F.3d 808, 812 (7th Cir. 1999), quoting United States v. Bradley, 165 F.3d 594, 596 (7th Cir. 1999).  In United States v. Cannon, 429 F.3d 1158 (7th Cir. 2005), the defendant, like Petitioner here, stipulated at trial that the substance at issue was "cocaine base (crack)." Cannon, 429 F.3d at 1160.  The Seventh Circuit noted that Cannon's appellate lawyer argued that "Cannon and trial counsel may not have appreciated that there are varieties of cocaine base other than crack." Cannon, 429 F.3d at 1160.  However, the Seventh Circuit rejected this argument, concluding that "Cannon surely knew whether his own inventory was 'crack.'" Cannon, 429 F.3d at 1160.  Petitioner's argument in this case fails for the same reason.  Petitioner here stipulated, through counsel, that the drug involved in the offense was crack cocaine.  Petitioner was clearly capable of making that admission.  Thus, he has not shown that his counsel was in any way ineffective for entering into the stipulation when there was no non-frivolous basis for challenging the type or quantity of the controlled substance involved.

Petitioner's second argument regarding ineffective assistance also fails.  This court agrees with the Government that, even assuming his counsel acted unreasonably in failing to object to the Government's rebuttal argument, he cannot establish that he was prejudiced.  As the Seventh Circuit

stated on direct appeal, even assuming any part of the Government's rebuttal argument was improper, the "overwhelming" nature of the evidence presented at trial precluded any prejudice to Petitioner.  See Washington, 417 F.3d at 788.

Petitioner's third argument is that his counsel was ineffective for failing to object at sentencing to this court's fact finding regarding his prior convictions and regarding the drug type and amount.  This argument fails because it was appropriate under Booker for this court to determine that Petitioner had the necessary underlying convictions to be classified as a career offender and because, as previously noted, there was no basis for challenging the drug type and amount involved in the offenses.

Petitioner's fourth argument fails because Petitioner has set forth no facts which show there was anything wrong with the make up of the jury venire or that there was anything wrong with the jury selection process.  Petitioner's fifth argument fails because his counsel did, in fact, emphasize mitigating factors affecting sentencing both at Petitioner's sentencing hearing and in her argument following the Seventh Circuit's limited remand.

Finally, Petitioner's sixth argument that he received the ineffective assistance of counsel and the third issue raised in his Motion are entirely without merit because the Government did file a notice under 21 U.S.C. § 851 prior to trial.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(2) This case is terminated.

ENTERED this  30th  day of April, 2007

**s/ Michael P. McCuskey**

9

MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE